Argued and submitted October 26, 2011, affirmed June 13, 2012

Donald Shane KERCHER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and ABC Glass,
*Respondents.*

Employment Appeals Board
10AB1727; A146341

280 P3d 1040

Valerie Colas argued the cause for petitioner. On the brief was Sarah Radcliffe.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent ABC Glass.

Before Ortega, Presiding Judge, and Armstrong, Judge, and Sercombe, Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

Claimant seeks judicial review of a final order by the Employment Appeals Board denying him unemployment benefits on the ground that he voluntarily left his job without good cause. ORS 657.176(2)(c). We conclude that the board's decision is supported by substantial evidence and substantial reason and, accordingly, affirm.

We take the facts from the board's findings. Claimant was employed by ABC Glass (employer) as a machine operator. He considered his workplace to be unsafe due to a rutted roadway that made it hazardous to transport containers of glass by forklift; water and acid that had spilled onto the floor, which caused a slipping hazard; and frayed electrical cords that were plugged into ungrounded outlets and caused electrical shocks to employees. Based on those concerns, claimant's wife filed a complaint about claimant's working conditions with the Oregon Occupational Safety and Health Administration (OHSA).

Apparently in response to the complaint, OSHA sent an investigator to claimant's work site. The investigator did not identify as hazards the rutted roadway or employer's method of offloading cargo, nor did the investigator find a problem with the electrical outlets. However, the investigator did identify and fine employer for six safety hazards, including uncertified forklift operators, frayed electrical cords, and standing water, and required employer to take certain actions to rectify those problems. The following month, the investigator returned to find that employer had taken the required remedial actions; the investigator did not identify any new safety issues on that visit. In the month that followed, claimant raised additional safety concerns with employer, including the concerns that he had raised previously regarding the rutted roadway and hazards associated with offloading cargo onto forklifts that ran on it. Employer's owner responded that he did not have the money to make the repairs that claimant had requested. As a result, claimant quit his job.

The Employment Department denied claimant's subsequent claim for unemployment benefits. An administrative law judge (ALJ) set aside that decision, concluding

that claimant voluntarily left work with good cause because the employer was unresponsive to claimant's safety concerns and could not reasonably expect claimant to work in an unsafe workplace until employer saw fit to address the problems cited by OSHA. The board reversed, concluding that the ALJ's conclusion was not supported by the record. According to the board, employer had corrected each issue cited by OSHA within a month of its investigation, and "claimant quit work, in essence, because he was dissatisfied that the [OSHA] investigator failed to cite the employer for perceived safety issues and the owner refused to address them because he lacked the funds to do so." The board then suggested that claimant had reasonable alternatives to quitting work, including the options to refuse to offload cargo in the event that he was asked to help with that task and to report additional or recurring safety hazards to OSHA.

ORS 657.176(2)(c) disqualifies a person who "[v]oluntarily left work without good cause" from receiving unemployment compensation benefits. A claimant for such benefits has the burden of proving good cause by a preponderance of the evidence. *Young v. Employment Dept.*, 170 Or App 752, 756, 13 P3d 1027 (2000). Voluntary termination of employment for good cause requires the employee to articulate a reason that would compel a reasonably prudent person, "of normal sensitivity, exercising ordinary common sense," to quit under similar circumstances. OAR 471-030-0038(4). "[T]he reason must be of such gravity that the individual has no reasonable alternative but to leave work." *Id*. Whether good cause exists requires a factual evaluation based on the particular circumstances of each case. *Stevenson v. Morgan*, 17 Or App 428, 433, 522 P2d 1204 (1974).

Claimant challenges the board's conclusion that he lacked good cause to quit, arguing, in essence, that his concerns were quite serious, that the board should not have relied on the opinion of the OSHA inspector to establish the lack of good cause to quit, and that the alternatives to quitting that were identified by the board were not reasonable under the circumstances. We take those to be challenges to whether the board's decision is supported by substantial evidence and substantial reason. We review the board's factual

findings for substantial evidence, which exists when "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). A substantial evidence challenge also requires us to review the board's order for substantial reason to ensure that the order "articulates the reasoning that leads from the facts found to the conclusions drawn." *Salosha, Inc. v. Lane County*, 201 Or App 138, 143, 117 P3d 1047 (2005).

The board's conclusion that claimant left work without good cause is rationally related to its findings of fact, which are themselves supported by substantial evidence. Our role is not to substitute our judgment for that of the board, but rather to determine if the findings of fact are supported by substantial evidence. The evidence in the record would allow a reasonable person to find that OSHA investigated claimant's initial complaints, that employer made required changes within a month of that investigation, and that claimant's continuing complaints did not leave him with no reasonable alternative to leaving work. The board's findings of fact are rationally related to its conclusion that claimant had at least the reasonable alternative of seeking additional OSHA review, though many of his complaints had already been reviewed by OSHA and had not resulted in findings that the workplace was unsafe. The fact that claimant disagreed with the OSHA inspector's findings did not compel the board to find that a reasonably prudent person of normal sensitivity, exercising ordinary common sense, would have been compelled to quit under similar circumstances.

Affirmed.